FILED
SUPERIOR COURT
OF GUAM

2019 AUG 26 AM 11: 25

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,                    )        CRIMINAL CASE NO. CF0415-19
                                   )
                                   )
vs.                                )        DECISION AND ORDER DENYING
                                   )        DEFENDANT'S MOTION AND
                                   )        APPLICATION FOR BAIL
JONATHAN TORRES TEDTAOTAO,         )        REDETERMINATION
DOB: 04/25/1971                    )
                                   )
                                   )
            DEFENDANT.             )

## Introduction

This matter came before the Honorable Maria T. Cenzon on August 13, 2019 for a hearing on Jonathan Torres Tedtaotao's ("Defendant") Motion and Application for Bail Redetermination under 8 GCA § 40.50 for Release on Personal Recognizance ("Motion for Release"). Defendant was present and represented by Assistant Public Defender Zachary Taimanglo. Assistant Attorney General Alysa Draper-Dehart represented the People of Guam (the "People"). Having reviewed the record and relevant law, the Court ruled from the bench **DENYING** Defendant's Motion for Release. The Court now issues this written Decision and Order memorializing its ruling in compliance with 8 GCA § 40.50(a).

## Background

The Indictment alleges the following offenses: burglar (as a 2nd Degree Felony) with a Notice: Commission of a Felony while on Felony Release; Theft (as a 2nd Degree Felony) with a Notice: Commission of a Felony while on Felony Release; Criminal Trespass (as a Misdemeanor) and Criminal Mischief (as a Misdemeanor). Indictment (Jul. 29, 2019). The victim reported that her home was allegedly burglarized on May 20, 2019. The victim was able

to retrieve a video footage depicting the suspect in this case. The victim then posted the video on social media seeking the public's help in identifying the suspect. According to the police, they received an anonymous call identifying the Defendant as the alleged suspect in that video. The victims also reported that they received a response on social media identifying the defendant as the person on that video. The victim additionally reported that a second video allegedly portrays the defendant carrying the victim's backpack while walking in the victim's condominium complex. At the time the alleged offense occurred, Defendant was on pre-trial release for CF0225-18, which is also assigned to this Court.

Defendant is confined pending the posting of Ten Thousand Dollars ($10,000) cash bail. Commitment Order (Jul. 29, 2019). On August 7, 2019, Defendant filed the instant Motion for Release. The People did not file an opposition to the instant motion, but orally expressed their opposition at the motion hearing.

## Discussion

Guam law provides "[t]he judge shall order the person charged to be released on recognizance, *unless the judge determines*, in his discretion, on the basis of available information, *that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community*." 8 GCA § 40.15(b) (emphasis added). The factors are:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;
(2) the history and characteristics of the person charged, including:
    (i) length of his/her residence on Guam
    (ii) his/her employment status and history, and financial condition;
    (iii) his/her family ties and relationships;
    (iv) his/her reputation, character and mental and physical condition;
    (v) his/her prior criminal record; if any, including any record of prior release on recognizance or on bail;
    (vi) his/her history relating to drug or alcohol abuse;
    (vii) the identity of the reasonable members of the community who will vouch for his/her reliability;
    (viii) whether, at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal

or completion of sentence of an offense under Federal, state or local law; and

(ix) his/her history of compliance with other Court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual members thereof if released.

*Id.* § 40.15(c).

If a Court finds that a release on his own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 GCA § 40.20. These conditions include:

(a) Placement of the person in the custody of a designated person or organization agreeing to supervise him/her and to assist him/her in appearing in Court;

(b) Placement of restrictions on the activities, movements, associations and residence of the person;

(c) Execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(d) Release of the person during working hours, but with the condition that he/she return to custody at specified times; or

(e) Any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

*Id.* § 40.20. Under this section, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and safety of any other person and the community.

In support of his motion, Defendant offers that he is on stand-by status at JJ Global for employment. Defendant also adds that he has completed community service work and continues to attend counseling in his other case, CF0225-18. Defendant also adds that he lacks the means to present a flight risk.

The Court is familiar with the status and services offered to Defendant in CF0225-18 as that case is also before this Court. The Court is not convinced that release on his own recognizance is appropriate under these circumstances. The Court first looks to the Defendant's history and characteristics. The Court is familiar with Defendant's extensive prior criminal record. The Court is also well aware of the fact that Defendant was on pre-trial release for

CF0225-18 at the time the alleged offense in this case occurred. Based on these information, the Court finds Defendant's release on his own recognizance in this case cannot be assure this Court that the Defendant would comply with future orders of the Court and the Court cannot be assured that the Defendant will appear in future hearings.

The Court also finds that the nature of the offense charged and Defendant's noncompliance suggests the Defendant's release on his own recognizance may present a danger to the victim and/or members of the community.

Under 8 GCA § 40.20, the Court finds the least onerous condition in this case is the execution of a bond in the amount specified by the Magistrate Judge or placement of the Defendant in the custody of a designated person – a third party custodian. The Court also recognizes that there is nothing to suggest the circumstances at this hearing vary from the time the Magistrate Judge considered setting Defendant's bail at $10,000.

## Conclusion

For the reasons set forth above, the Court DENIED Defendant's Motion and Application for Bail Redetermination for Release on Personal Recognizance.

**SO ORDERED** this ___ AUG 26 2019 ___, *nunc pro tunc* to August 13, 2019.

**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of

Date: 8/26/19  Time: 11:300

Deputy Clerk, Superior Court of Guam